*EXHIBIT B*

# EXHIBIT B

**LIST OF ATTORNEYS/PARTIES**

1.    Jennifer B. LeMaster
jennifer@lalawtx.com
Nejat Ahmed
nejat@lalawtx.com
LEMASTER & AHMED PLLC
8777 West Rayford Rd.,
Suite 200 PMB 303
The Woodlands, Texas 77389
Telephone: (832) 356-7983
Facsimile: (832) 653-9360

*Attorneys for Plaintiffs*

2.    Dale M. "Rett" Holidy
rholidy@germer.com
James A. Tatem
jatatem@germer.com
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420

*Attorneys for Defendant*

**INDEX OF DOCUMENTS FILED
WITH REMOVAL ACTION**

**THOMAS SWINDELL AND SHARI SWINDELL VS. STATE FARM LLOYDS**

    (a)    Plaintiffs' Original Petition
    (b)    Citation for State Farm Lloyds
    (c)    Defendant State Farm Lloyds' Original Answer and Jury Demand
    (d)    Docket Sheet

Filed
2/18/2020 9:21 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Sabrina Schiro

### *EXHIBIT B*

Cause No. **20-DCV-271465** _____

| | | |
|---|---|---|
| THOMAS SWINDELL | § | IN THE DISTRICT COURT |
| AND SHARI SWINDELL | § | |
| | § | |
| Plaintiffs | § | Fort Bend County - 458th Judicial District Court |
| | § | _____ JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| | §· | |
| Defendant | § | FORT BEND COUNTY, TEXAS |

---

### PLAINTIFFS' ORIGINAL PETITION

**COMES NOW**, Thomas Swindell and Shari Swindell, Plaintiffs in the above-entitled and numbered cause, and file this Original Petition, complaining of the acts and omission of Defendant State Farm Lloyds ("State Farm") and, in support, respectfully show the Court as follows.

### I.  DISCOVERY LEVEL

**1.**     Plaintiffs plead that discovery should be conducted under Level 2.

### II.  PARTIES AND SERVICES

**2.**     Plaintiffs Thomas Swindell and Shari Swindell (collectively referred to as "Swindells") are individuals residing in Fort Bend County, Texas.

**3.**     Defendant State Farm is an admitted insurance company doing business in the State of Texas that, according to the Texas Department of Insurance, may be served through its registered agent Corporation Service Company 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

# *EXHIBIT B*

### III. JURISDICTION AND VENUE

4.      This court has subject matter jurisdiction of over this cause of action because the amount in controversy exceeds the minimum jurisdictional requirement of this Court.   Venue is proper in Fort Bend County because all or substantially portion of the events giving rise to this action occurred in Fort Bend County.   Tex. Civ. P. Rem. Code §15.002(1).   In addition, the Swindells were residents of Fort Bend County at the time the cause of action accrued. TEX. CIV. P. REM. CODE §15.002(1).

### IV.  GENERAL FATUCAL ALLEGATIONS

5.      The Swindells are a named insured under a Texas Homeowners policy number 53-NF-4774-2 (the "Policy") issued by State Farm for the property located at 9239 Barrington Circle, Missouri City, Texas (the "Property").  The Policy insures, among other things, against hail, wind and water damage to the Property.

6.      In May 2018, the Property sustained wind, hail and/or water damage to the roof and living room.  The Swindells submitted a claim under their policy. From the beginning State Farm set out to deny the claim of its long-time insureds despite unrefuted evidence of damage as a result of a covered loss.  At every single stage of this claim, State Farm failed to fulfill its duties to its insureds.

7.      Initially, State Farm did not dispute that the Property was damaged by a covered loss but denied the claim as being below the deductible.  The Swindells, therefore, invoked appraisal according to the terms of the policy on March 25, 2019.  State Farm did not acknowledge invocation of the appraisal until April 12, 2019 and from its very inception interfered with the appraisal process.

# EXHIBIT B

8.        State Farm appointed Kenny Cleveland from Arkansas as its appraiser.   The Swindells appointed JP Rankins as their appraiser.  Initially, both appraisers agreed there was wind and hail damage to the roof requiring replacement. In fact, State Farm's own appraiser presented an estimate for complete replacement of the roof, in addition to repair of other covered damages. The date of loss was not in dispute.

9.        While both appraisers were working out a few line items of repair and replacement, State Farm stopped the appraisal process. On June 25, 2019, State Farm would not allow its appointed appraiser to continue his work. Realizing that it could not completely control the outcome of the award made by its own appraiser, State Farm interfered with the appraisal process and refused for it to continue.

10.       State Farm's intent to interfere with the appraisal process and to not honor the work of its own appraiser became clear when it hired Donan Engineering to attempt to achieve the outcome State Farm desired—denial of coverage and avoidance of the impending appraisal award. Donan Engineering conducted a substandard and outcome-driven investigation of the claim—in the middle of the appraisal process that was halted by State Farm.

11.       Apparently satisfied with Donan Engineering's substandard and outcome-driven investigation, State Farm then, unilaterally, allowed the appraisal to continue. This time, however, State Farm instructed its appointed appraiser to not agree to an award. An umpire was agreed upon at that time.

12.       As expected, the umpire presented an award of $48,096.75 on September 27, 2019. The umpire and Mr. Rankin signed the award.  State Farm, clearly unhappy with the umpire's award, deducted more than 72 percent of the award to limit its own exposure. State Farm refused to pay what it owes, even after being presented an appraisal award.

# *EXHIBIT B*

13.     It is clear from these facts that State Farm intentionally set out to deny and underpay properly covered damages. State Farm failed to provide full coverage for the damages sustained by our Client and under-scoped and undervalued their loss.

14.     The gross mishandling of the Claim has also caused a delay in our Client's ability to fully repair their home, which has resulted in additional damages. To this date, our Client has yet to receive adequate payment under the insurance policy.

15.     On December 5, 2019, a pre-suit demand was made on State Farm. State Farm summarily rejected the Swindells' demand.  State Farm did not make a written request for re-inspection of the Property.

## V.  CAUSES OF ACTION

### A.     BREACH OF CONTRACT

16.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15 of this petition.

17.     Plaintiffs entered into a contract with State Farm for insurance coverage, including coverage for hail, wind and water damage.

18.     State Farm breached its contract with Plaintiffs by denying Plaintiffs' claim and refusing to pay the full amount of the appraisal award.

19.     Plaintiffs have been damaged by the breach, at a minimum, in the amount of the unpaid appraisal award.

20.     All conditions precedent that are material to coverage for Plaintiffs' claim have been performed.

# EXHIBIT B

**B.    VIOLATION OF THE TEXAS INSURANCE CODE §541.060**

21.     Plaintiffs re-allege and incorporates by reference paragraphs 1 through 15 of this petition.

22.     Pleading in addition to and in the alternative, State Farm misrepresented a material fact and policy provision relating to the coverage at issue in violation of Tex. Ins. Code §541.060(a)(1).  Namely, despite its knowledge that the Swindells' property was damaged by hail and wind, State Farm stated that there was no covered loss to the Property.

23.     Pleading in addition to and in the alternative, State Farm failed at all material times to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim, after its lability had become reasonably clear, in violation of Tex. Ins. Code § 541.060(a)(2)(4).  State Farm's liability initially became reasonably clear when its own appraiser presented an estimate for complete replacement of the roof, in addition to repair of other covered damages and later when the appraisal award was entered. Instead of promptly paying the Swindells the full amount of the appraisal award, State Farm denied the Swindells' claim for damage to their roof and underpaid their claim for damage to the interior of the Property.

24.     Pleading in addition to and in the alternative, State Farm violated Tex. Ins. Code §541.060(a)(7) by refusing to pay a claim without conducting a reasonable investigation or analysis with respect to the claim.  State Farm retained Donan Engineering to conduct an outcome-driven and substandard inspection to conclude that there was no covered damage to the roof.

25.     Pleading in addition to and in the alternative, State Farm failed to provide a reasonable explanation, in facts or applicable law, for its denial of the claim in violation of §541.060(a)(3).  State Farm refused to allow its appraiser to participate in the appraisal process

# *EXHIBIT B*

because his findings would support the Swindells' claim and undercut State Farm's denial of the claim.

    **26.**    Pleading in addition to and in the alternative, State Farm's violations were done knowingly.

    **27.**    Pleading in addition to and in the alternative, Plaintiffs are entitled to actual damages as well as any and all consequential damages, statutory penalties, and punitive damages as provided by law.

## C.    VIOLATION OF TEXAS INSURANCE CODE §541.061

    **28.**    Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 15 of this petition.

    **29.**    Pleading in addition to and in the alternative, State Farm violated Texas Insurance Code §541.061 (A)(1) by making an untrue statement of material fact.  Specifically, State Farm stated that the Swindells did not sustain a covered loss to their roof despite its knowledge to the contrary.

    **30.**    Pleading in addition to and in the alternative, Plaintiffs are entitled to actual damages as well as well as any and all consequential damages, statutory penalties and punitive damages provided by law.

## D.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

    **31.**    Plaintiffs re-allege and incorporates by reference paragraphs 1 through 15 of this petition.

# EXHIBIT B

32.     Pleading in addition to and in the alternative, State Farm owes Plaintiffs as the named insured a duty of good faith and fair dealing in connection with the investigation and resolution of claims under the policy.

33.     Pleading in addition to and in the alternative, such duty obligated State Farm to not to deny liability to Plaintiffs when its lability under the policy was reasonably clear.

34.     Pleading in addition to and in the alternative, State Farm's liability to Plaintiffs under the policy was reasonably clear when it denied liability. Namely, State Farm's liability was reasonably clear initially when its own appraiser concluded that the Swindells' suffered a covered loss and also when an appraisal award was signed.

35.     Pleading in addition to and in the alternative, State Farm violated and continues to violate its duty of good faith and fair dealing by denying liability to Plaintiffs under the policy and continuing to refuse to pay Plaintiffs the sums due and owing to Plaintiffs under the policy.

36.     Pleading in addition to and in the alternative, Plaintiffs have suffered and will continue to suffer actual damages as a result of State Farm's breach of the duty of good faith and fair dealing.

37.     Pleading in addition to and in the alternative, State Farm's acts and omissions constituting a breach of the duty of good faith and fair dealing were and continue to be committed with actual awareness that they are wrongful and that they are inflicting harm on Plaintiffs.  State Farm's violation of the duty of good faith and fair dealing is grossly negligent, malicious, and or fraudulent.  State Farm's violation of the duty of good faith and fair dealing, therefore, warrants and authorizes the imposition of punitive or exemplary damages.

## *EXHIBIT B*

### VI. NOTICE

**38.**     Notice was timely given to State Farm pursuant to the requirements of the Texas

Insurance Code § 542A.

### VII.     DAMAGES

**39.**     Plaintiffs seek the following damages:

  a.   Actual damages for the full amount of property loss due to the storm, including
       but not limited to the appraisal award;

  b.   Actual damages of all amounts owed under the contract;

  c.   Treble damages under Texas law;

  d.   Attorneys' fees and costs pursuant to Chapter 38 of the Texas Civil Practice and
       Remedies Code and all applicable provisions of the Texas Insurance Code;

  e.   Penalties as provided by Sections 542.055 and 542.060(c) of the Texas
       Insurance Code;

  f.   Actual damages caused by the Defendants wrongful conducts, including but not
       limited to those damages previously described and attorneys' fees and court
       costs.

  g.   Exemplary damages;

  h.   Pre- and post-judgment interest to the extent permitted by law.

### VIII.   JURY DEMAND

**40.**     Plaintiffs hereby request a trial by jury of all issues of fact in this case and thereby

tenders the jury fee.

### X.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court render a

judgment awarding them actual damages as requested herein, attorney fees, exemplary damages,

pre-judgment and post-judgment interest and court costs, and such other and further relief to which

Plaintiffs may be entitled to at law and in equity.

# *EXHIBIT B*

Respectfully submitted,

By:   */s/ Jennifer B. LeMaster*

**JENNIFER B. LeMASTER**
Texas State Bar No. 24041063
jennifer@lalawtx.com
**NEJAT AHMED**
Texas State Bar No. 24034304
nejat@lalawtx.com

**LEMASTER & AHMED PLLC**
8777 West Rayford Rd.,
Suite 200 PMB 303
The Woodlands, Texas 77389
Telephone:     832.356.7983
Facsimile:     832.653.9360

**ATTORNEYS FOR PLAINTIFFS
THOMAS SWINDELL AND
SHARI SWINDELL**

*EXHIBIT B*



**null / ALL**
**Transmittal Number: 21228690**
**Date Processed: 03/05/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Thomas Swindell vs. State Farm Lloyds |
| **Matter Name/ID:** | Thomas Swindell vs. State Farm Lloyds (10082601) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Fort Bend County District Court, TX |
| **Case/Reference No:** | 20-DCV-271465 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/05/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Jennifer B. LeMaster<br>832-356-7983 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882   |   sop@cscglobal.com

# *EXHIBIT B*

## SERVICE FEE NOT COLLECTED
## BY DISTRICT CLERK  THE STATE OF TEXAS

### CITATION

TO:    **STATE FARM LLOYDS**
**THROUGH ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 E 7TH STREET SUITE 620**
**AUSTIN TX  78701-3218**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS' ORIGINAL PETITION** filed on **February 18, 2020,** a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **20-DCV-271465**  and is styled:

**THOMAS SWINDELL AND SHARI SWINDELL V. STATE FARM LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**JENNIFER BETH LEMASTER**
**LEMASTER & AHMED PLLC**
**8777 WEST RAYFORD RD SUITE 200 PMB 303**
**THE WOODLANDS TX  77389**
**832-356-7983**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 19th day of February, 2020.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER**
**FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469
By: _Ashley Alaniz_
     Deputy District Clerk **ASHLEY ALANIZ**
     Telephone: **(281) 633-7616**

**SERVICE**

# EXHIBIT B

20-DCV-271465                                      **458th Judicial District Court**
**Thomas Swindell and Shari Swindell v. State Farm Lloyds**

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M. on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The
signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court,
the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                                      (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                                 (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

*EXHIBIT B*





CERTIFIED MAIL

7018 3090 0000 5967 3233

CORPORATION SERVICE COMPANY
211 E. 7th STREET., #620
AUSTIN, TEXAS 78701

LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240

Filed
3/30/2020 10:07 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Nereyda Cantu

*EXHIBIT B*

**CAUSE NO. 20-DCV-271465**

| | | |
|---|---|---|
| **THOMAS SWINDELL** | § | **IN THE DISTRICT COURT OF** |
| **AND SHARI SWINDELL** | § | |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **458TH JUDICIAL DISTRICT** |

**DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiffs' Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

**I.**
**GENERAL DENIAL**

1.      State Farm generally denies all of the material allegations contained in Plaintiffs' Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendments thereto, by a preponderance of the evidence.

**II.**
**DEFENSES**

2.      **Estoppel.**  Plaintiff's breach of contract claim is barred by State Farm's timely issued payment of the covered damages set by a binding and enforceable appraisal award. Plaintiff is estopped from contesting whether State Farm complied with the insurance contract and estopped from contesting actual damages under the insurance contract based on State Farm's timely issued payment of the appraisal award of covered damages.

*EXHIBIT B*

3.      **Payment of Award Bars Extra-Contractual Claims.** Because the amount of loss has been determined by appraisal and timely paid, Plaintiffs have not sustained any covered damages that could allow them to maintain any extra-contractual cause of action. Specifically, Plaintiffs are not entitled to receive any additional Policy benefits, Plaintiffs have not lost a contractual right to any additional Policy benefits, and Plaintiffs have not alleged any facts that would give rise to an independent injury claim. Further, liability under Texas Insurance Code Chapter 541 incorporates the common law bad faith standard for breach of duty of good faith and fair dealing.

4.      **Timely Investigation and Payment.** Plaintiffs' claims under Chapter 542 of the Texas Insurance Code are barred as a matter of law by State Farm's timely issued payment of the appraisal award for covered damages. There is no Chapter 542 violation when an insured submits to the delay inherent in the contractual appraisal process and the insurer pays the award determined for covered damages by that process.

5.      **Loss Settlement Provision/Conditions Precedent: Replacement Cost Benefits.** Plaintiff has not satisfied the conditions precedent under the Policy for the recovery of replacement cost benefits or additional payments for permit fees. State Farm paid Plaintiffs' covered damages under the Coverage A claim as dictated by the Policy's loss settlement provision. The Policy, through the FE-3533.2 Homeowners Policy Endorsement, provides in relevant part:

**SECTION I – LOSS SETTLEMENT**
**COVERAGE A – DWELLING**

**A1 – Replacement Cost Loss Settlement – Similar Construction**:

    a.  We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I – COVERAGES, COVERAGE A – DWELLING, except for wood fences, subject to the following:

*EXHIBIT B*

(1)   until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations,** not to exceed the cost to repair or replace the damaged part of the property;

(2)   when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

(3)   to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed…

*   *   *   *   *

b.  Wood Fences. We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A - DWELLING EXTENSION.

Upon issuance of the appraisal award in this matter, State Farm properly and timely issued payment to Plaintiffs for the full actual cash value of covered damages in the appraisal award. Plaintiffs have yet to provide notification to State Farm that repairs to the property are complete, nor have they requested the replacement cost benefits available to them under the State Farm Policy, provided documentation of repairs to their property or otherwise complied with the conditions precedent under the Policy related to the issuance of replacement cost benefits. Further, Plaintiffs have yet to provide notification to State Farm that they have incurred permit fees, nor have they requested additional payment of the permit fees available to them under the State Farm Policy, provided documentation that they have incurred permit fees or otherwise complied with the conditions precedent under the Policy related to the issuance of covered additional amounts for permit fees.  Thus, Plaintiffs' claim fails due to Plaintiffs' failure to meet a condition precedent to recovery of replacement cost benefits.

## *EXHIBIT B*

6.      **Failure of Policy Considerations/Conditions Precedent.**   State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiffs have failed to satisfy the conditions of the Policy requiring Plaintiffs to give immediate notice to State Farm as the claim was not reported for over seven months, preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.   **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

a.   give immediate notice to us or our agent…

b.   protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\* \* \* \* \*

d.   as often as we reasonably require:

(1)   exhibit the damaged property;

(2)   provide us with records and documents we request and permit us to make copies

7.      **Policy Coverage Provisions.**   Under the Insuring Agreement, Plaintiffs bear the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the Policy period. Plaintiffs lack proof that any additional damages resulted from any accidental direct physical loss during the policy period beyond those damages already paid by State Farm under the Policy.

8.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiffs under the Policy in connection with the damages and the insurance claim that give rise to Plaintiffs' claims in this lawsuit.

# *EXHIBIT B*

9.     **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' deductible.

10.     **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

11.     **Pre-Existing Damages.**  Plaintiffs' claims are barred, in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, pre-existed the alleged occurrence of wind or wind-driven rain.

12.     **Normal Wear and Tear.**   Plaintiffs' claims are barred, in part, because the damages and losses alleged in Plaintiffs' Petition, none being admitted, were proximately caused, in whole or in part, by normal wear and tear. The Policy states:

## SECTION I – LOSSES NOT INSURED

1.   We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

*   *   *   *   *

g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;
. . .
i.   mold, fungus or wet or dry rot;


3.   We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1.and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:
. . .
b.   defect, weakness, inadequacy, fault or unsoundness in:

      (2) design, specifications, workmanship, construction, grading, compaction;

      (3) materials used in construction or repair; or

      (4) maintenance;

    c.  weather conditions.

**13.**    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**14.**    **No Waiver.**  Plaintiffs' claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

**15.**    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code Section 41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiffs prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**16.**    **Written Notice of Claim.**  State Farm specifically denies that Plaintiffs provided it with "notice of claim" pursuant to sections 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim."

# *EXHIBIT B*

TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiffs, they are barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiffs that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

17.    **Chapter 542A.**  State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per Texas Insurance Code Section 542A.007. *See* TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

18.    State Farm reserves the right to amend this Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT**

*EXHIBIT B*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Texas Rules of Civil Procedure on this the 30th day of March, 2020.

Jennifer B. LeMaster                                              **VIA E-SERVICE**
Nejat Ahmed
LEMASTER & AHMED PLLC
8777 West Rayford Rd.,
The Woodlands, Texas 77389
jennifer@lalawtx.com
nejat@lalawtx.com


_____
**DALE M. "RETT" HOLIDY**

**EXHIBIT B**

## Envelope ID :41993066

## Case Number : 20-DCV-271465

## Case Type

| | |
|---|---|
| **Jurisdiction :** Fort Bend County - 458th Judicial District Court | **Case Category :** Civil - Contract |
| **Case Type :** Other Contract | **Filer Type :** Not Applicable |
| **Payment Account :** File & ServeXpress CC | **Attorney :** Rett Holidy |
| **Case Number :** 20-DCV-271465 | |
| **Client Matter ID :** 101295 | **Date Filed :** 3/30/2020 10:06:59 AM |

## Parties    3

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Plaintiff or Petitioner | Shari Swindell | 8777 W Rayford Road, Suite 200 P MB 303 , The Woodlands , Texas , 77389 |
| ☑ | Defendant or Respondent | State Farm Lloyds | C/O Registered Agent Corporation Service Company , 211 E. 7th Street , Suite 620 , Austin , Texas , 78701 -3218 |
| | Plaintiff or Petitioner | Thomas Swindell | 8777 W Rayford Road, Suite 200 P MB 303 , The Woodlands , Texas , 77389 |

## Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| **Submitt ed** cancel | Answer/ Respon se (Lea d Docu ment) **Note to Clerk:** | Defendant Sta te Farm Lloyd s' Original Ans wer | SWINDELL - Answer SFL. pdf | | | | Contains sen sitive data | Defendant Sta te Farm Lloyd s' Original Ans wer | $0.00 |

1/3

*EXHIBIT B*

**Responsible for Filing Fees :** State Farm Lloyds

**Send Accepted Notifications To:**

## Service Contact 9

| EServe | Name | Email Address | Address | Service Contact Fee | Public | Attached To | Status | Date Opened |
|--------|------|---------------|---------|---------------------|--------|-------------|--------|-------------|
| No | Amber Zayas | azayas@germer.com | | | No | State Farm Lloyds | | Unopened |
| Yes | Christine Hernandez | chernandez@germer.com | | | No | State Farm Lloyds | Sent | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | | | No | State Farm Lloyds | | Unopened |
| No | Erika Lopez | elopez@germer.com | | | No | State Farm Lloyds | | Unopened |
| Yes | Jennifer Beth Lemaster | jennifer@lalawtx.com | | | Yes | | Sent | Unopened |
| No | Jim Tatem | jtatem@germer.com | | | No | State Farm Lloyds | | Unopened |
| Yes | Nejat Abubeker Ahmed | nejat@lalawtx.com | | | Yes | Thomas Swindell | Sent | Unopened |
| No | Rett Holidy | rholidy@germer.com | | | No | State Farm Lloyds | | Unopened |
| No | Sonny Eckhart | sonny@germer.com | | | No | State Farm Lloyds | | Unopened |

## Fees Calculation

| Allowance Charge Reason | Amount |
|--------------------------|--------|
| Case Initiation Fee($) | $0.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $0.07 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |
| Total Court Service Fees($) | $0.00 |
| Total Mail Service Fees($) | $0.00 |

**EXHIBIT B**

| Allowance Charge Reason | Amount |
|---|---|
| Total Fees($) | $2.49 |

Filed
4/1/2020 12:19 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Nereyda Cantu

*EXHIBIT B*

**CAUSE NO. 20-DCV-271465**

| | | |
|---|---|---|
| **THOMAS SWINDELL AND** | § | **IN THE DISTRICT COURT OF** |
| **SHARI SWINDELL** | § | |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **458TH JUDICIAL DISTRICT** |

## <u>DEMAND FOR JURY TRIAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS, Defendant herein and demands a trial by jury.

The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a

trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: _____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

## *EXHIBIT B*

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 1ˢᵗ day of April, 2020.


      Jennifer B. LeMaster                                      <u>VIA E-SERVICE</u>
      Nejat Ahmed
      LEMASTER & AHMED PLLC
      8777 West Rayford Rd.,
      Suite 200 PMB 303
      The Woodlands, Texas 77389


**DALE M. "RETT" HOLIDY**

*EXHIBIT B*

## Envelope ID :42054646

## Case Number : 20-DCV-271465

## Case Type

| | |
|---|---|
| **Jurisdiction :** Fort Bend County - 458th Judicial District Court | **Case Category :** Civil - Contract |
| **Case Type :** Other Contract | **Filer Type :** Not Applicable |
| **Payment Account :** File & ServeXpress CC | **Attorney :** Rett Holidy |
| **Case Number :** 20-DCV-271465 | |
| **Client Matter ID :** 101295 | **Date Filed :** 4/1/2020 12:19:56 PM |

## Parties    3

| Sending Party | Party Type | Name | Address |
|---|---|---|---|
| | Plaintiff or Petitioner | Shari Swindell | 8777 W Rayford Road, Suite 200 P MB 303 , The Woodlands , Texas , 77389 |
| ☑ | Defendant or Respondent | State Farm Lloyds | C/O Registered Agent Corporation Service Company , 211 E. 7th Stree t, Suite 620 , Austin , Texas , 78701 -3218 |
| | Plaintiff or Petitioner | Thomas Swindell | 8777 W Rayford Road, Suite 200 P MB 303 , The Woodlands , Texas , 77389 |

## Documents

| Status | Filing Code | Filing Description | Original Document | Converted Document | Stamped Document | Optional Services | Document Category | Document Description | Fees |
|---|---|---|---|---|---|---|---|---|---|
| **Submitt ed** cancel | No Fee Docum ents (Le ad Doc ument) **Note to Clerk:** | Demand for J ury Trial | SWINDELL - Jury Deman d.pdf | | | Jury Fee(1 * $40.00) | Contains sen sitive data | Demand for J ury Trial | $40.00 |

**Responsible for Filing Fees :** State Farm Lloyds

*EXHIBIT B*

**Send Accepted Notifications To:**

## Service Contact 9

| EServe | Name | Email Address | Address | Service Contact Fee | Public | Attached To | Status | Date Opened |
|--------|------|---------------|---------|---------------------|--------|-------------|--------|-------------|
| No | Amber Zayas | azayas@germer.com | | | No | State Farm Lloyds | | Unopened |
| Yes | Christine Hernandez | chernandez@germer.com | | | No | State Farm Lloyds | Sent | Unopened |
| No | Cynthia Wallace | cwallace@germer.com | | | No | State Farm Lloyds | | Unopened |
| No | Erika Lopez | elopez@germer.com | | | No | State Farm Lloyds | | Unopened |
| Yes | Jennifer Beth Lemaster | jennifer@lalawtx.com | | | Yes | | Sent | 4/1/2020 12:24:12 PM |
| No | Jim Tatem | jtatem@germer.com | | | No | State Farm Lloyds | | Unopened |
| Yes | Nejat Abubeker Ahmed | nejat@lalawtx.com | | | Yes | Thomas Swindell | Sent | Unopened |
| No | Rett Holidy | rholidy@germer.com | | | No | State Farm Lloyds | | Unopened |
| No | Sonny Eckhart | sonny@germer.com | | | No | State Farm Lloyds | | Unopened |

## Fees Calculation

| Allowance Charge Reason | Amount |
|-------------------------|--------|
| Case Initiation Fee($) | $0.00 |
| Optional Service Fee($) | $40.00 |
| Total Service Fees($) | $0.00 |
| Total Service Tax Fees($) | $0.00 |
| Convenience Fee($) | $1.23 |
| Total Provider Service Fees($) | $2.24 |
| Total Provider Tax Fees($) | $0.18 |
| Total Court Service Fees($) | $0.00 |
| Total Mail Service Fees($) | $0.00 |
| **Total Fees($)** | **$43.65** |

*EXHIBIT B*

4/1/2020
Case 4:20-cv-01167 tyler.co.fort.bend.tx.us/PublicAccess/CaseDetail.aspx?CaseID=1976161 Page 31 of 31
Document 1-2 Filed on 04/01/20 in TXSD Page 31 of 31
Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back                    Location : Fort Bend    Images Help

## *EXHIBIT B*

## REGISTER OF ACTIONS
### CASE NO. 20-DCV-271465

| | | |
|---|---|---|
| Thomas Swindell and Shari Swindell v. State Farm Lloyds | §<br>§<br>§<br>§<br>§ | Case Type: **Contract - Other Contract**<br>Date Filed: **02/18/2020**<br>Location: **458th District Court** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant or Respondent** | **State Farm Lloyds**<br><br>Austin, TX 78701-3218 | **Dale M. "Rett" Holidy**<br>*Retained*<br>713-650-1313(W) |
| **Plaintiff or Petitioner** | **Swindell, Shari**<br><br>The Woodlands, TX 77389 | **Jennifer Beth Lemaster**<br>*Retained*<br>832-356-7983(W) |
| **Plaintiff or Petitioner** | **Swindell, Thomas**<br><br>The Woodlands, TX 77389 | **Jennifer Beth Lemaster**<br>*Retained*<br>832-356-7983(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 02/18/2020 | **Petition**   Doc ID# 1 | |
| | *Plaintiffs' Original Petition* | |
| 02/19/2020 | **Issuance**   Doc ID# 2 | |
| | *Citation Issued to State Farm Lloyds* | |
| 02/19/2020 | Citation | |
| | *E-service* | |
| | State Farm Lloyds | Unserved |
| 03/30/2020 | **Answer/Contest/Response/Waiver**   Doc ID# 3 | |
| | *Defendant State Farm Lloyds' Original Answer* | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff or Petitioner** Swindell, Thomas | | | |
| | Total Financial Assessment | | | 300.00 |
| | Total Payments and Credits | | | 300.00 |
| | **Balance Due as of 04/01/2020** | | | **0.00** |
| 02/19/2020 | Transaction Assessment | | | 300.00 |
| 02/19/2020 | E-filing | Receipt # 2020-05224-DCLK | Swindell, Thomas | (300.00) |